1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY A WOOD, | CASE NO. C20-512 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND CASE SCHEDULE, IN PART |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion to Amend the Case Schedule. (Dkt. No. 15.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 16), the Reply (Dkt. No. 18), and all supporting papers, the Court GRANTS the Motion, in part.

Four days before the end of discovery Plaintiff filed this Motion asking for an additional four months of discovery and for the filing of dispositive motions. (Compare Dkt. No. 15 with Dkt. No. 13.) Defendant opposes the motion, pointing out that Plaintiff failed to raise the request in a timely manner and failed to provide sufficient evidentiary grounds to justify the requested extension.

ORDER GRANTING MOTION TO AMEND CASE SCHEDULE, IN PART - 1

A party seeking to amend the Court's scheduling order must establish "good cause" under Federal Rule of Civil Procedure 16. The focus of the inquiry is on the moving party's diligence and reasons for seeking modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). A party establishes "good cause" by showing that, even acting diligently, it could not have met the deadlines set forth in the scheduling order. Id.

Plaintiff has not demonstrated a robust record of diligence in this case. Plaintiff advances two primary arguments justifying the eleventh-hour request. First, Plaintiff states that she is the primary caregiver for her elderly mother who is at risk for Covid-19 infection and she has limited ability to confer with counsel given the precautions she maintains and her work schedule. In a declaration filed with the reply, Plaintiff's counsel states that only after Defendant served discovery requests in late November did she learn that Plaintiff had many documents in her possession that could not be easily provided to counsel. Counsel has apparently only recently taken possession of the documents and from them has identified "various" persons she would like to depose. While the Court questions why counsel did not obtain these documents earlier to prepare the case, the Court acknowledges that the Covid-19 pandemic has adversely impacted Plaintiff and her ability to confer with counsel. The Court finds that this record establishes limited good cause to extend the discovery period to accommodate the depositions sought, but nothing more.

Second, Plaintiff's counsel states that she is a solo practitioner with limited staffing and a large case load related to Covid-19 unemployment claims. To satisfy her duties to her client, counsel must diligently represent her client's interests, RPC 1.3, be both thorough and prepared, RPC 1.1, and make reasonable efforts to expedite litigation consistent with the interests of her

client, RPC 3.2. The arguments counsel advances to justify an extension are not well taken and cannot form the basis of a showing of good cause.

Lastly, Plaintiff suggests that there will be no prejudice to Defendant with an extension of four months because "it is not clear what will transpire with the given trial date and other pre-trial requirements or whether they need to be adjusted because of the pandemic. . . ." (Dkt. No. 15 at 3.) While Defendant does not claim to face any prejudice from an extension, both Parties should be aware that this Court has and is holding bench and jury trials through remote means. Unless the Court orders otherwise, the Parties should be prepared to try this case using the Court's remote platform starting on June 7, 2021.

In light of the limited "good cause" identified by Plaintiff, the Court GRANTS the Motion and ORDERS the following amendment to the case schedule:

1. Discovery shall be completed by February 8, 2021; and
2. All dispositive motions must be filed by March 8, 2021 and noted on the motion calendar on the fourth Friday thereafter.

All remaining dates in the scheduling order (Dkt. No. 13) remain unchanged.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 15, 2021.

Marsha J. Pechman
United States District Judge