UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY A WOOD,<br><br>                    Plaintiff,<br><br>       v.<br><br>THE BOEING COMPANY,<br><br>                    Defendant. | CASE NO. C20-512 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR EXTENSION |

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. No. 25) and Plaintiff's Motion to Extend Time to File a Response to the Motion for Summary Judgment (Dkt. No. 37). Having reviewed the Motions, Defendant's Opposition (Dkt. No. 38), the Replies (Dkt. No. 40, 43), and all supporting materials, the Court DENIES the Motion for Extension and GRANTS Defendant's Motion for Summary Judgment.

**BACKGROUND**

Plaintiff Kimberly Wood filed this lawsuit against her former employer, the Boeing Company, after she was terminated in March of 2018. (Complaint ¶ 1 (Dkt. No. 1-1). Wood

alleges she has physical disabilities and medical conditions that required accommodation. (Compl. ¶¶ 1 11, 14-15, 17-18.) She alleges that Boeing knew of and accommodated her disabilities and medical conditions to some degree over her long tenure at Boeing. (Id.) But she alleges that between March 2016 and March 2018 Boeing discriminated and retaliated against her, though her complaint speaks to some acts that occurred before March 2016. (Id. ¶¶ 1, 15-16, 20-81.) She pursues claims for: (1) hostile work environment in violation of the Washington Law Against Discrimination; (2) disability discrimination and retaliation in violation of WLAD; (3) failure to supervise; (4) failure to train supervisors; (5) gender discrimination in violation of WLAD; (6) age discrimination in violation of WLAD; (7) intentional infliction of emotional distress; and (8) retaliation by withholding employment verification. (Id. ¶¶ 88-95.)

Resolution of both motions requires some consideration of this case's procedural history. Wood initially filed her lawsuit pro se, but counsel filed a notice of appearance on her behalf on June 4, 2020. (Dkt. Nos. 1-1 (Complaint), 10 (Notice of Appearance).) The Parties then filed a Joint Status Report that noted the need for written discovery and depositions and proposed May 2021 as the trial date. (Dkt. No. 12 at 3-4.) The Court then set trial for June 7, 2021 with discovery to end on January 8, 2021 and dispositive motions due February 8, 2021. (Dkt. No. 13.)

Five days before the end of discovery, Wood's counsel filed an Emergency Motion for Relief from Deadline, which she amended the following day. (Dkt. Nos. 14, 15.) Wood sought additional time to conduct depositions of at least four witnesses. (Dkt. No. 15 at 3.) Wood's brief, unsupported by a declaration, claimed that Wood was having difficulty communicating with counsel and providing her documents given her role as caregiver for her mother in the Covid-19 pandemic. (Dkt. No. 15 at 1-2.) Wood's counsel also stated that she is a solo

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR EXTENSION - 2

practitioner whose practice was impacted by Covid-19 because she took on a large volume of unemployment compensation matters that "interfered with her scheduling with her client and progress this matter under the current schedule." (Dkt. No. 15 at 2.) Wood requested the Court set the discovery be extended to April 2021. With her reply, counsel for Wood then stated that she only learned in November of certain documents that she needed to obtain and persons to depose. (Dkt. No. 19 at 2-3.)

Over Boeing's strenuous objections, the Court granted Wood's motion in part. (Order Granting Motion to Extend (Dkt. No. 22).) The Court noted that Wood had "not demonstrated a robust record of diligence in this case." (Dkt. No. 22 at 2.) But the Court "acknowledge[d] that the Covid-19 pandemic has adversely impacted Plaintiff and her ability to confer with counsel" and found that there was "limited good cause to extend the discovery period to accommodate the depositions sought, but nothing more." (Dkt. No. 22 at 2.) The Court pointed out that counsel's large case load was not a basis for an extension, particularly since counsel owes a duty to represent Wood diligently. (Dkt. No. 22 at 2-3.) The Court then set discovery to close on February 8, 2021 and dispositive motions to be filed by March 8, 2021.

Consistent with the new deadline, Boeing filed its motion for summary judgment on March 8, 2021. (Dkt. No. 25.) On March 29, 2021 at 11:41 PM, the day her opposition was due, Wood filed a Motion to Extend Time under Rule 16 and 56(d), asking for a "brief extension" to file her opposition. (Dkt. No. 37 at 4.) Without a supporting declaration, Wood's counsel admitted that she was well aware that motions for relief for a deadline must be filed sufficiently early to allow the Court to rule on them under Local Rule 7(j). (Dkt. No. 37 at 4.) She also admitted that she knew of the deadline for her response to the summary judgment motion but needed additional time to obtain certified copies of deposition transcripts. (Id.) Counsel stated

that she had "been conservative in advancing and incurring costs in this matter" and believed that she "could adequately answer the Defendant'[s] Motion for Summary Judgment without resort to the deposition testimony taken of various managing agents of the Defendant by relying on detailed notes." (Id. at 2.) Counsel stated that at some unspecified time she "reluctantly concluded she needed to revise that view" and obtain official transcripts. (Id. at 3.) Counsel also stated that she had been unsuccessful in locating witnesses "throughout the discovery process" and after the summary judgment was filed. (Id. at 3.)

In its opposition to the motion for extension, Boeing highlighted Wood's delay in requesting the transcripts. Boeing noted that the five depositions for which Wood sought official transcripts were completed by February 5, 2021 and that Wood had not ordered any transcripts at the time they were taken. (Declaration of James Sanders ¶ 2 (Dkt. No. 39).) Boeing's counsel asked the court reporter to provide him notice if Wood ordered transcripts from these depositions. (Id.) On March 23, 2021, he received notice that Wood had ordered certified copies of the transcripts. (Id. ¶ 2 and Ex. A.) Counsel also averred that he provided Wood advance notice that Boeing intended to file a motion for summary judgment in January 2021. (Id. ¶ 3.) And Boeing noted that it had filed declarations from four of these five deponents with its summary judgment motion on March 8, 2021. (Dkt. Nos. 26, 33, 34, 35.) Boeing's counsel further noted that Wood's counsel waited until 5:00 PM of the day her opposition was due to ask for his agreement to the continuance. (Sanders Decl. ¶ 4.)

With her reply, Wood's counsel filed a declaration and supplemental declaration. (Declarations of Patricia Rose (Dkt. No. 41, 42).) The first declaration stated that counsel had been working to obtain a declaration from a medical provider, the final copy of which was executed on March 26, 2021. (Declaration of Patricia Rose ¶ 3 (Dkt. No. 41).) Counsel also

stated that she had been working since June 2020 to locate witnesses and records from the EEOC, though the details are thin. (Id. ¶¶ 4-6.) Counsel also stated that Boeing filed declarations for some witnesses who were not deposed and that she had limited ability to contact them. (Id. ¶ 8.) But Counsel did not say what additional information was needed from these individuals. Counsel also elaborated that she had hoped to use Zoom to record the five depositions, but was unable to secure Boeing's consent to do so. (Id. ¶ 9.) Counsel stated that "[w]hen it became apparent that some relevant information related to Ms. Wood's other terms and conditions of employment besides the suspension and termination was contained in those depositions, I did order them but could not afford the rush prices and the reporters were unwilling to report only excerpts." (Id.) Counsel maintained that she had been working on the opposition brief, (Id. ¶ 10), and her second declaration filed on April 5, 2021 stated that her brief would be ready on April 7, 2021 (Dkt. No. 42 at 2). Wood eventually filed her a 40-page opposition on April 8, 2021, accompanied by a motion to file an overlength brief. (Dkt. Nos. 44, 47.)

## ANALYSIS

**A.  Motion for Extension**

On the record before it, the Court finds no basis to permit Wood's untimely-filed opposition under either Rule 16 or 56(d).

**1.  Extension under Rule 16**

Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Local Rule 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the

extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Rule 16(b)(6). And a "motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rule 7(j).

Wood has failed to convince the Court that there is good cause to permit her untimely opposition to Boeing's motion for summary judgment. Wood claims she needed additional time to obtain certified copies of transcripts of five depositions so that she could prepare her opposition. But this is a problem of Wood's sole creation. All five depositions were noted by Wood and completed by February 5, 2021. She was able to do so only after the Court granted her last-minute request to extend discovery to take these depositions—a request based on limited diligence. (Dkt. No. 22.) And yet counsel did not request copies of the transcripts when the depositions were taken. Instead, counsel believed she could rely on her own notes to use in this case and to oppose summary judgment. She did so even though Boeing had given advanced warning in January 2021 that it would move for summary judgment—a fact Wood should have reasonably assumed. (See Sanders Decl. ¶ 3 (Dkt. No. 39).) Wood's decision not to order transcripts was calculated and taken at her own peril. Wood's belated decision to order transcripts does not stem from any diligence. Even after Boeing filed its summary judgment, Wood failed to show any diligence in obtaining the transcripts. Boeing filed its motion on March 8, 2021. Yet Wood waited more than two weeks and just six days before the opposition was due, to request copies of the transcripts. (Sanders Decl. ¶ 2 & Ex. A (Dkt. No. 39).) Wood does not identify any valid reason to excuse this delay. While the Court understands that Wood sought to

limit costs, that does not justify the failure to be prepared to oppose a dispositive motion. There is simply no record of diligence that could justify the extension.

In her reply, Wood newly suggests she needed additional time to locate EEOC materials. Even considering this improper argument raised only on reply, the Court finds that it does not serve as grounds for an extension. Wood's counsel admits that she has been working on locating EEOC materials since she was retained by June 2020. (Reply at 3 (Dkt. No. 40).) She nowhere explains what specific information is needed from the EEOC to respond to any argument raised in the summary judgment motion. This does not show diligence to justify an extension. In her reply, Wood also suggests that she had been attempting to contact other witnesses, which proved difficult. (Reply at 2-3 (Dkt. No. 40).) But again Wood does not explain who the individuals are, what evidence is needed from them, or the record of her efforts in reaching them. And Wood provides no reasons why additional time is needed. This does not justify an extension. Lastly, Wood suggests she needed additional time to obtain a finalized declaration from a treating medical provider. (Rose Decl. ¶ 3 (Dkt. No. 41).) But it appears that the final declaration was obtained before the opposition was due. This does not justify extension of the deadline.

Having considered the full record before it, and noting the dearth of diligence, the Court is unconvinced that Wood has shown good cause to justify the requested extension. The Court DENIES the Motion under Rule 16.

**2.     Extension under Rule 56(d)**

Under Rule 56(d), the nonmovant may request an extension to file an opposition if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The burden is on the party seeking to conduct further discovery "to show what material facts would be discovered that would preclude

summary judgment." Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.") "The facts supporting a Rule 56(f) motion must be set forth in an accompanying affidavit." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002) (citing Rule 56(f), which has become Rule 56(d)). "'The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, 73 F.3d at 914 (quoting Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990)).

The record does not show grounds for an extension under Rule 56(d). Wood identifies the need for deposition transcripts and "declaration testimony from several witnesses identified in Plaintiff's Initial Disclosures." (Mot. at 5-6 (Dkt. No. 37).) As explained above, Wood has failed to show why, with diligence, she could not have obtained the certified deposition transcripts earlier. And as to the additional witness declarations, Wood has not shown any record of diligence. As she admits, these individuals were identified in her initial disclosures, so there can be no surprise that they were potentially relevant persons. Wood fails to identify who these individuals are or what specific statements she seeks, or the specific steps she has taken to locate and interview them. The motion itself was not accompanied by a declaration, which is fatal to the request. See Kitsap, 314 F.3d at 1000. Even considering the late-filed declarations with the Reply, the Court finds no specific identification of who these individuals might be, the information sought, or any explanation as to why they could not have been contacted obtained earlier. Wood has failed to identify any specific reasons why an extension is needed or proper under Rule 56(d). The Court DENIES the Motion under Rule 56(d).

**B.    Motion for Summary Judgment**

   **1.    Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

Because the Court has denied Wood's Motion for Extension, it has not accepted or considered her late-filed opposition briefing to Boeing's motion for summary judgment. Under the Local Rules, Wood's failure to timely file an opposition may be deemed to be an admission that Boeing's motion has merit. See Local Rule 7(b)(2). Here, the Court does not apply this presumption, but it does note the absence of any opposition evidence in the record before it.

   **2.    Statute of Limitations**

As Boeing correctly notes, all of Wood's claims are subject to a three-year statute of limitations. RCW 4.16.080; Antonius v. King Cty., 153 Wn.2d 256, 261 (2004) (three year

statute of limitations for WLAD claims); Cox v. Oasis Physical Therapy, PLLC, 153 Wn. App. 176, 192 (2009) (three year statute of limitations for IIED and negligent supervision claims). Because Wood filed her complaint on March 13, 2020, the Court limits her claims to events occurring after March 13, 2017.

### 3. Wood's WLAD Discrimination and Retaliation Claims

Wood's WLAD discrimination and retaliation claims fail because Boeing has identified undisputed, non-discriminatory reasons for her Wood's termination.

To establish a prima facie claim of discrimination under the WLAD, a plaintiff must demonstrate that (1) she belongs to a protected class; (2) she was qualified for her position and performing satisfactory work; (3) she suffered an adverse employment action; and (4) similarly situated employees outside her protected class were treated more favorably. Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cty., 189 Wn.2d 516, 527 (2017) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). To establish a prima facie case of retaliation under WLAD, the plaintiff must prove: (1) she engaged in statutorily protected activity; (2) the defendant took an adverse employment action against her; and (3) there is a causal link between the protected activity and the adverse action. Hines v. Todd Pac. Shipyards, 127 Wn. App. 356, 374 (2005). If a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. Mikkelson, 189 Wn.2d at 527; Renz v. Spokane Eye Clinic, P.S., 114 Wn. App. 611, 618 (2002). If the defendant establishes a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff, who must prove that the proffered reason is pretext for unlawful discrimination. Mikkelson, 189 Wn.2d at 527; Renz, 114 Wn. App. at 618.

1     Even if Wood had established a prima facie case of discrimination or retaliation, Boeing has articulated legitimate, non-discriminatory reasons for Wood's termination. As Boeing's briefing and supporting materials make clear, Wood violated a variety of Boeing policies and engaged in conduct that warranted and justified dismissal. (See Mot. at 2-11 (Dkt. No. 25 at 9-18).) There is no evidence that the termination was pretext for discrimination against Wood on account of her age, gender, or disabilities. On the record before the Court, Boeing is entitled to judgment as a matter of law on Wood's WLAD discrimination and retaliation claims.

    **4.     Wood's Hostile Work Environment Claim**

    Wood's WLAD hostile work environment claim fails because Boeing has identified undisputed non-discriminatory reasons for Wood's termination.

    "[A] plaintiff in a disability based hostile work environment case must prove (1) that he or she was disabled within the meaning of the antidiscrimination statute, (2) that the harassment was unwelcome, (3) that it was because of the disability, (4) that it affected the terms or conditions of employment, and (5) that it was imputable to the employer." Robel v. Roundup Corp., 148 Wn.2d 35, 45 (2002). As to the fourth element, the plaintiff must demonstrate "that the conduct or language complained of was so offensive or pervasive that it could reasonably be expected to alter the conditions of plaintiff's employment." Id. at 46 (quoting 6A WPI 330.23, at 240). "A plaintiff must prove that his workplace was 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" Northrop v. Safeway, Inc., No. C16-350 TSZ, 2017 WL 1543331, at *3 (W.D. Wash. Apr. 28, 2017) (citing Nichols v. Azteca Rest. Enters., Inc., 256 F.3d 864, 872 (9th Cir. 2001)).

There is insufficient evidence on the record before it that the Wood was subject to any disability-related harassment or that the complained-of conduct was sufficiently offensive or pervasive to reasonably alter the conditions of Wood's employment. (See Mot. at 2-11 (Dkt. No. 25 at 9-18).) Accordingly, the Court finds that Boeing is entitled to judgment as a matter of law on this claim.

### 5. Wood's Common Law Claims

Boeing seeks summary judgment on Wood's common law claims of intentional infliction of emotional distress and negligent supervision.

Washington does not recognize claims for intentional or negligent infliction of emotional distress by an employee against his or her employer "when the only factual basis for emotional distress [is] the discrimination claim." Little v. Windermere Relocation, Inc., 301 F.3d 958, 972 (9th Cir. 2002) (citations omitted); Anaya v. Graham, 89 Wn. App. 588, 596 (1998). The same is true of negligent supervision claims. See Francom v. Costco Wholesale Corp., 98 Wn. App. 845, 866 (2000). Such "claim[s] arise[] only when the claim[s are] . . . based on a separate factual basis from the … discrimination claim." Haubry v. Snow, 106 Wn. App. 666, 678, 681 (2001).

Boeing correctly identifies that Wood's intentional infliction of emotion distress and negligent supervision claims are premised on the same facts as supporting the discrimination claims. These redundant claims cannot be brought. See Francom, 98 Wn. App. at 866; Little, 301 F.3d at 972. The Court finds that on the record before it Boeing is entitled to judgment as matter of law on these claims. The Court separately notes that Wood has stipulated to their dismissal in her late-filed opposition. (Dkt. No. 44 at 21 n.1.)

**CONCLUSION**

While the Court is reluctant to bar Wood's request to file a late opposition to the motion for summary judgment, it finds no justifiable basis on which to indulge the request. The record remains devoid of diligence or any evidence that might merit finding good cause under Rule 16 or an extension under Rule 56(d). Wood's claimed need for additional time arises out of her own tactical decisions. The Court is unpersuaded by any of the reasons Wood advances to allow her to file a late opposition. The Court DENIES her motion for extension and does not consider her late-filed opposition.

Boeing's unopposed motion for summary judgment identifies valid reasons why each of Wood's claims fail as a matter of law. On the record before it, the Court therefore GRANTS the motion for summary judgment and finds that Boeing is entitled to judgment as a matter of law on all of Wood's claims.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 30, 2021.

Marsha J. Pechman
United States Senior District Judge