UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY A WOOD,<br><br>      Plaintiff,<br><br>  v.<br><br>THE BOEING COMPANY,<br><br>      Defendant. | CASE NO. C20-512 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment. (Dkt. No. 59.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 63), and all supporting materials, the Court DENIES the Motion.

Motions for reconsideration are disfavored. See Local Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id. Motions for reconsideration are also limited to six pages.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

See Local Rule 7(d)(1) & 7(e)(1). Plaintiff failed to abide by this rule, filing a ten-page motion. Rather than strike the overlength pages, the Court has considered the Motion in full and allowed Defendant to file a ten-page opposition.

In her Motion, Plaintiff argues that the Court committed manifest error in denying her request for additional time and granting summary judgment in favor of Defendant. Plaintiff argues: (1) the Court misapplied Rule 16; (2) the Court's order should be set aside under Rule 59; and (3) the Court should grant relief from judgment under Rule 60(b) due to excusable neglect.

First, the Court is not convinced that its order denying Plaintiff's request for relief from the deadline misapplied Rule 16. Plaintiff argues that the Court should not have considered Rule 16 because it "generally applies to proposed scheduling modifications after dispositive motions and typically to the final pre-trial schedules developed by the Court after extensive input from both parties on the eve of trial." (Dkt. No. 59 at 4 (emphasis in original).) This is not quite accurate. Rule 16 applies to the Court's scheduling order, which in this case set out all of the pre-trial deadlines (not just post-dispositive motions) and the trial date, all of which were developed from the Parities' input. And Plaintiff herself invoked Rule 16 as a basis for her request for additional time. (See Dkt. No. 40.) This made sense because Plaintiff's request effectively asked the Court to modify the dispositive motion and related briefing deadlines. Plaintiff has not identified any rule or decision that indicates the Court's consideration of Rule 16 was manifestly erroneous.

Second, the Court rejects Plaintiff's invocation of Rule 59. Plaintiff appears to seek reconsideration on the theory that by "dismissing Ms. Wood's complaint, apparently with prejudice . . . without a searching review of any prejudice or factors aside from critiquing

counsel's alleged lack of diligence" the Court made "an obvious error given the ramifications of that decision for the Plaintiff." (Dkt. No. 59 at 5.) Plaintiff fails explain why reconsideration or relief under Rule 59 is appropriate. Plaintiff cites to no authority on point. Plaintiff instead cites to one case whose only apparent relevance is its consideration of Rule 60, not 59. (Dkt. No. 59 at 5-6 (citing Azure Manor/Rancho De Paz Homeowners Ass'n v. D.R. Horton, Inc., No. 2:14-CV-2222 JCM NJK, 2015 WL 3629795 (D. Nev. June 10, 2015)).) Plaintiff has failed to show manifest error under Rule 59 that might warrant reconsideration.

Third, the Court finds insufficient evidence of excusable neglect to warrant relief from judgment under Rule 60(b). The Supreme Court has held that "'excusable neglect' covers 'situations in which the failure to comply with a filing deadline is attributable to negligence.'" Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1222 (9th Cir. 2000) (quoting Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993)). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id. at 1223-24 (citing Pioneer, 507 U.S. at 395). "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." Casey v. Albertson's Inc, 362 F.3d 1254, 1260 (9th Cir. 2004).

The factors here weigh against relief from judgment. The first two factors favor Defendant. The Court agrees with Defendant that it faces prejudice if the Court reopens this case. The case was set to go to trial on June 7, 2021. Given the Court's current trial schedule, the earliest possible date for a new trial would be June 2022. This delay would prejudice Defendant

as witness memories of the key events from years past fade yet further. That said, the Court is not persuaded by Defendant's argument that the maternity leave of one employee would cause prejudice. Maternity leave might exempt an employee from work, but not from testifying at trial. As to the third factor, the reason for the delay is not excusable. The Court has already found there to be "no record of diligence that could justify the extension" Plaintiff sought. (Dkt. No. 57 at 7.) Unlike the facts in Bateman where a family emergency outside of the country caused counsel to miss a summary judgment deadline, counsel here cannot point to anything other than her own litigation decisions that prevented her from complying with the Court's scheduling order or the deadlines set by Local Rule. The facts here do not show excusable neglect and Plaintiff is bound by the improvident litigation decisions of counsel. Casey, 362 F.3d at 1260. Lastly, though the Court finds no bad faith, Plaintiff fails to provide any evidence of good faith sufficient to warrant reopening. Balancing the equities and considering the Pioneer factors, the Court finds that relief from judgment is inappropriate under Rule 60(b).

Plaintiff has failed to identify any grounds for reconsideration. The Court DENIES the Motion in full.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 1, 2021.

Marsha J. Pechman
United States Senior District Judge